UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| EWAN BRYCE,<br>    Petitioner,<br><br>v.<br><br>WARDEN SCISM,<br>    Respondent. | :<br>:<br>:              PRISONER<br>:    Case No. 3:09CV2024(WWE)<br>:<br>:<br>: |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Ewan Bryce, is currently confined at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania. He brings this action for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. The Court concludes that it lacks jurisdiction under section 2241 to entertain the petitioner's claim.

**Procedural Background**

In December 1997, a federal grand jury in Connecticut returned an indictment charging the petitioner with one count of conspiracy to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846 and one count of possession with intent to distribute and distribution of more than five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). *See United States v. Bryce*, 287 F.3d 249, 251-52 (2d Cir. 2002). In January 1998, the Court released the petitioner on bond. On March 15, a confidential informant who had assisted in the

1

investigation of the petitioner's case was murdered. *See id.* at 252. The petitioner's narcotics trial was held in April. The jury found the petitioner guilty of both counts of the indictment. In August, the Court sentenced the petitioner to a total effective sentence of 124 months in prison followed by supervised release for five years. *See id.*

On August 24, 1999, the Second Circuit Court of Appeals affirmed the judgment of conviction on the conspiracy count, reversed the judgment as to the drug possession and distribution count for insufficient evidence, and remanded the case for resentencing. *See United States v. Bryce*, 208 F.3d 346, 356 (2d Cir. 1999).

On October 13, 1999, a federal grand jury in Connecticut returned an indictment charging the petitioner with murdering the confidential informant with intent to (1) prevent him from testifying at the drug trial in violation of 18 U.S.C. § 1512(a)(1)(A), and (2) retaliate against him for providing information to law enforcement officers in violation of 18 U.S.C. § 1513(a)(1)(A). On October 6, 2000, a jury acquitted the petitioner of all charges. *See Bryce*, 287 F.3d at 252.

On February 23, 2001, this Court held a resentencing hearing as to the drug conspiracy count. The Court imposed the statutorily-authorized maximum sentence of twenty years or 240 months of imprisonment, followed by five years of supervised

release.  *See id.*  On April 22, 2002, the Second Circuit affirmed the judgment of conviction.  *See id.* at 257.  On October 7, the United States Supreme Court denied a petition for writ of certiorari filed by the petitioner.  *See Bryce v. United States*, 537 U.S. 884 (2002).

On October 2, 2003, the petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence on the ground that he was denied effective assistance of counsel.  On May 25, 2005, the Court granted the petitioner leave to assert a second ground in support of his motion to vacate sentence.  In the second ground for relief, the petitioner argued that his sentence was constitutionally defective under *United States v. Booker*, 543 U.S. 220 (2005).  On July 26, 2007, this Court denied the amended motion to vacate sentence.

On October 23, the Court of Appeals for the Second Circuit denied the appeal without prejudice to being reinstated within thirty days from the entry of an order by the district judge granting or denying a certificate of appealability.  The Second Circuit directed the petitioner to promptly file a motion for a certificate of appealability in this court.  The docket sheet reflects that the petitioner has never moved for a certificate of appealability.

The petitioner subsequently filed a motion for leave to file a second or successive section 2255 motion.  On October 22, 2008,

3

the Court of Appeals for the Second Circuit denied the motion because the petitioner had failed to satisfy the criteria set forth in 28 U.S.C. §2255(h).

On December 11, 2009, the Court received the present petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The petitioner contends that he is actually innocent of the sentencing enhancement relied on by the Court to increase his sentence to the statutory maximum permitted by the Sentencing Guidelines.

## **Discussion**

As an initial matter, the court must determine whether it has jurisdiction to entertain the petitioner's claim in a petition filed pursuant to 28 U.S.C. § 2241.

"The power of the federal courts to grant writs of habeas corpus is derived from 28 U.S.C. § 2241, which provides that any federal court may grant the writ to any person restrained within its jurisdiction or, where the application is made by a state prisoner, convicted and sentenced within its jurisdiction." *Pinkney v. Keane*, 920 F.2d 1090, 1093 (2d Cir. 1990). A petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and

4

prison conditions. *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997) (describing situations where a federal prisoner would properly file a section 2241 petition)). The appropriate vehicle for a federal prisoner's challenge to the imposition of his conviction and sentence is a motion filed pursuant to 28 U.S.C. § 2255. *Id.* at 147. Thus, as a general rule, federal prisoners challenging the imposition of their sentences must do so by a motion filed pursuant to section 2255 rather than a petition filed pursuant to section 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997).

Here, the petitioner challenges the length of his sentence in a section 2241 petition. Such a claim, however, is properly raised in a section 2255 motion. Section 2255 contains a "savings clause" which permits the filing of a section 2241 petition when section 2255 provides *an inadequate or ineffective remedy* to test the legality of a federal prisoner's detention." *Jiminian*, 245 F.3d at 147.

The exception permitting an inmate to file a section 2241 petition is not available, i.e., a motion pursuant to section 2255 is not inadequate or ineffective, simply because a prisoner is procedurally barred from filing a section 2255 motion. The

5

failure to allow collateral review also must raise serious constitutional questions.

Most courts have narrowly construed the exception. *See Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003). The Second Circuit has recognized the exception in only one circumstance: cases involving prisoners who (1) can prove actual innocence on the existing record, and (2) could not have effectively raised their claims of innocence at an earlier time. *Triestman*, 124 F.2d at 363.

The Court now considers the petitioner's ground for relief to determine whether section 2255 is inadequate or ineffective to address his claim, and hence, whether the District of Connecticut has jurisdiction to entertain his section 2241 petition. The petitioner attempts to characterize his claim as one of actual innocence that falls within the exception permitting him to file a section 2241 petition to challenge the length of his sentence.

The Second Circuit has indicated that the section 2255 exception will apply in "relatively few" cases "in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378. In *Triestman*, the Second Circuit concluded that the exception permitting the filing of a section 2241 petition to challenge a conviction and sentence applied because Triestman had no prior opportunity to challenge his conviction for conduct that the United States Supreme Court later deemed to be non-criminal.

6

The petitioner does not deny committing the narcotics crime of which he was convicted. Instead, he challenges the enhancement of his sentence based on evidence admitted in the petitioner's trial on a charge of which he was ultimately acquitted. Although the petitioner couches his argument in the "actual innocence" language set forth in *Cephas* and *Triestman*, the argument is directed to the effect of the sentence imposed, not to the crime of which he was convicted.

Furthermore, even if the petitioner had asserted a claim of actual innocence, he would not meet the exception because he had a reasonable opportunity to raise the claim in a prior section 2255 motion. The petitioner was resentenced in February 2001, and the Second Circuit affirmed the conviction and sentence on May 20, 2002. The petitioner filed a section 2255 motion in October 2003 and amended the motion in May 2005. The petitioner clearly had the opportunity to raise any claim with regard to his resentencing during the pendency of his section 2255 motion and amended section 2255 motion. *Jiminian*, 245 F.3d at 147 (holding that if claim petitioner seeks to raise was previously available to him, the "failure to permit review of that claim would not raise serious constitutional questions").

The Court concludes that the sole ground for relief does not involve a claim of actual innocence that raises serious constitutional concerns and that the petitioner has not met the

7

requirements which would permit him to invoke this court's jurisdiction to hear his claims pursuant to 28 U.S.C. § 2241. Thus, the District of Connecticut lacks jurisdiction to entertain this section 2241 petition.[1]

## **Conclusion**

The Court concludes that it lacks jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.  Accordingly, the Petition for Writ of Habeas Corpus [**doc. #3**] is **DISMISSED** without prejudice.  The Motion for Order to Show Cause [**doc. # 8**] is **DENIED** as moot.

**SO ORDERED** this ___13th___ day of December, 2010, at Bridgeport, Connecticut.

_____/s/_____

Warren W. Eginton
Senior United States District Judge

---

[1] The Second Circuit has held that, where a petitioner has previously had a section 2255 motion denied on the merits, the district court may construe a petition filed pursuant to section 2241 as a second section 2255 motion and transfer the motion to the Court of Appeals to enable that court to determine whether certification to file a second petition should be granted. *See id.* at 148-49.  Because the petitioner has already filed a motion for leave to file a second or successive section 2255 motion with the Second Circuit, the court will not construe the present petition as a motion filed pursuant to section 2255 and transfer it to the Second Circuit.